IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICO FLORES T/A : <br> CHILEAN PRODUCE CO. <br> : <br> v. <br> : <br> UNI-STAR ENTERPRISES, <br> et al. : | CIVIL NO. L-98-146 |

MEMORANDUM

The Court is in receipt of Defendants' Motion for Summary Judgment. For the reasons set forth below, the Court shall, by separate Order, GRANT Defendants' Motion for Summary Judgment.

I.   **Background**

This case arises from three contracts made to import and sell grapes. Plaintiff Agrotermas El Pangue is a Chilean company that grows grapes and exports them to the United States. Plaintiff Chilean Produce Company is an Indiana corporation that imports grapes from Chile to the United States. Plaintiff Americo Flores is the principal of both companies.

In 1994, Agrotermas entered into a contract with Defendant Excel Corporation by which Agrotermas provided Defendant Uni-Star Enterprises with shipments of table grapes. In 1995 and 1996, the Chilean Produce Company entered into two contracts with Uni-Star by which Chilean Produce Company provided Uni-Star with shipments of table grapes. All three contracts obligated Uni-



Star to sell the grapes. Uni-Star's president, Defendant S. Rod Acchiardo would then prepare a liquidation report accounting for the sales and forward a portion of the profits to the plaintiffs with the report.

The Amended Complaint alleges that Defendants Excel International Trading Co., Uni-star Enterprises, and S. Rod Acchiardo committed fraud, constructive fraud, and breach of fiduciary duty because the defendants' accounting of the sales does not accurately reflect the true value received for the grapes sold.

Default was entered against Excel International Trading Co. in January 1999. The remaining parties completed discovery in November 1999. Uni-Star and Acchiardo filed a Motion for Summary Judgment claiming that the plaintiffs have not established that the defendants' actions proximately caused the damages sought in the Amended Complaint. The plaintiffs responded to the Motion and the Court dispenses with a hearing. <u>See</u> Local Rule 105.6 (D. Md. 1999).

## II.  **Summary Judgment Standard**

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

**III. Discussion**

The Amended Complaint charges that the defendants committed fraud and constructive fraud, and breached their fiduciary duties to the plaintiffs by not paying the plaintiffs a percentage of the true value of the grape sales. Without explanation as to the source of damages, the Amended Complaint seeks $750,000 for the defendants' alleged tortious conduct.

Defendants claim that the Court should grant Summary Judgment in their favor because the plaintiffs cannot establish that Defendants' alleged conduct is the proximate cause of the plaintiffs' injuries. Courts are clear that "[o]ne suing for fraud or deceit must establish that he sustained damage by reason of the fraud and that his injury was the natural and proximate

3

consequence of his reliance on the fraudulent act." <u>Empire Realty Co. v. Fleisher</u>, 269 Md. 278, 284 (Md. 1973) (finding that damages for fraud were not established).

Mr. Flores, in his deposition, asserts that the grapes were valued at $30 per crate. In an affidavit, Mr. Flores asserts that (i) his losses in connection with the 1994 agreement were approximately $80,000, (ii) his losses in connection with the 1995 agreement were $80,000, and (iii) his losses in connection with the 1996 agreement were $130,000. Mr. Flores, however, does not explain the method by which he arrived at these amounts. The plaintiffs do not establish the price for which the defendants sold the crates.[1] Further, the plaintiffs present no evidence that the price obtained by the defendants was not the best available price.[2] Because the plaintiffs have not presented any evidence describing how they incurred the alleged damages or explaining how the defendants proximately caused these damages, Summary Judgment in favor of the defendants on the claims of

---

[1] Attached to the Amended Complaint are copies of faxes of what the Court assumes are the liquidation reports. These documents are written in Spanish. The plaintiffs have not submitted a certified translation of the documents. Further, the plaintiffs have not verified that these documents are, in fact, the liquidation documents. Thus, this Court cannot consider these documents as evidence of the transaction.

[2] Although not mentioned in the papers, the Court also questions whether the plaintiffs have sufficiently established the elements of fraud.

fraud and constructive fraud is appropriate.[3]

Although Maryland courts have not definitively decided the issue, Maryland courts are inclined to reject a claim of breach of fiduciary duty as an independent tort standing alone. See Bresnahan v. Bresnahan, 115 Md. App. 226, 235 (Md. Ct. Spec. App. 1997) (positing that after the fraud claim was dismissed, the breach of fiduciary duty would also have been dismissed, had the defendants raised the argument). As the Court has granted summary judgment in favor of the defendants as to Plaintiffs' allegations of fraud and constructive fraud, only Plaintiffs' breach of fiduciary duty claims remain. Recognizing Maryland's trend against independent torts of breach of fiduciary duty, the Court will grant Summary Judgment in favor of the defendants on these counts as well.

---

[3] Plaintiffs assert in their Opposition to Summary Judgment that the defendants are withholding documents with which damages could be established. Prior to the conclusion of discovery, Plaintiffs did not file a Motion to Compel the production of such documents, nor have they filed a Motion to Compel to date. Because the plaintiffs did not rely upon the established procedural avenues to obtain the documents, the defendants cannot now be sanctioned for their alleged refusal to produce the documents.

**IV. Conclusion**

For the reasons stated above, the Court shall, by separate Order, GRANT Defendants' Motion for Summary Judgment, and DIRECT the Clerk to close the case.

Dated this 3RD day of March, 2000.

_____
Benson Everett Legg
United States District Judge